**SILVERMAN & ASSOCIATES**
**ROBERT B. SILVERMAN SBN 170517**
**25 S. OAK KNOLL AVE., SUITE 504**
**PASADENA, CA 91101**
**TEL: (714) 936-7499**
**FAX: (888) 308-5099**
**EMAIL: SILVERATTY@GMAIL.COM**

FILED
2011 FEB 25  AM 10:37
CLERK U.S. DISTRICT COURT
CENTRAL DIST. O. CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| 1 800 GET THIN, LLC,<br><br>      Plaintiff,<br><br>      vs.<br><br>Farzin Feizbakhsh, M.D. aka Dr. Feiz;<br>Theodore Khalili, M.D. aka Dr. Ted<br>Khalili; Does 1-10, inclusive;<br><br><br>      Defendants | Case Number: CV11-00767-AGR<br><br>**First Amended Complaint for Monetary Damages**<br><br>(1) Lanham Act<br>(2) False Advertising<br>(3) Unfair Trade Practice<br><br>**DEMAND FOR JURY TRIAL** |

   **PLEASE TAKE NOTICE THAT** Plaintiff 1 800 GET THIN, LLC hereby

asserts and alleges a cause of action against defendants as follows:

### JURISDICTION

   1.      This is an action for violation of the Lanham Act under 15 U.S.C. §

1125(a).  This court has subject matter of this claim for violation of the Lanham

Act under 28 U.S.C. § 1331.  This court also has jurisdiction under 28 U.S.C. §

1367(a) over all other claims that are so related they form a part of the same case

or controversy.

## PARTIES

2.     Plaintiff is a limited liability company that is organized under the laws of the state of California.  Its principal place of business is Beverly Hills, California.

3.     Defendant Farzin Feizbakhsh, M.D., aka Dr. Feiz ("FEIZ") is an individual whose residence is located in Los Angeles County, California.

4.     Defendant Theodore Khalili, M.D., aka Dr. Ted Khalili ("KHALILI") is an individual whose residence is located in Los Angeles County, California.

5.     Defendant Does ("Defendants") are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiff.  When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that each of Plaintiff's damages as herein allege were proximately caused by such Defendants.

6.     At all times herein mentioned, all defendants were the agents, servants, employees and/or contractors of their co-defendants and were acting within the scope of their authority as agents, servants, employees and/or contractors and with the permission and consent of said named defendants.

## GENERAL ALLEGATIONS

7.     Plaintiff is a marketing service company.  Plaintiff markets the phone number 1 800 GET THIN.  Once an individual calls the phone number, the individual is referred to a medical facility in their area for a free seminar.  Plaintiff does not own any medical facilities, operate any facilities or provide any type of medical care or treatment in the course of its business.  Plaintiff is purely a marketing service company.

2                    Complaint for Lanham Act Violation

8.      Plaintiff is in the process of registering 1 800 GET THIN as a federally protected trademark. While this is pending, Plaintiff asserts common law trademark rights.

9.      Plaintiff has engaged in advertising throughout Los Angeles County and greater Southern California, where it places its pending federal trademark, 1 800 GET THIN, in the public eye. 1 800 GET THIN is associated with bariatric surgery, most notably the Lap Band® surgical procedure.

10.     Defendants are licensed medical doctors in the State of California who perform bariatric surgery and are not a party to Plaintiff's marketing services. As such, Defendants are competitors of Plaintiff. Through the operation of Plaintiff's marketing, potential bariatric surgery candidates are identified and then serviced by medical professionals not associated with Defendants.

11.     Plaintiff is informed and believes Defendants conspired, through the publication of false and defamatory statements via the internet as stated more fully herein, to attack Plaintiff's trademark and/or misuse Plaintiff's trademark.

12.     The first attack was centered around disparaging and misleading comments against Plaintiff on websites associated with bariatric surgery. Plaintiff is informed and believes Defendants published or caused to be published comments relating to Plaintiff's business on the websites identified as LapBandTalk.com and RipoffReport.com. It is possible Defendants have made similar comments on other websites, but Plaintiff is currently unaware of such conduct at this time.

13.     Those websites to which Defendants published comments are available to any individual within the County of Los Angeles as well as anywhere else that an individual has internet access, which would include worldwide accessibility. As a result, at a minimum, Plaintiff has been damaged and continues to be damaged at Plaintiff's business offices in Los Angeles County, where its principle place of business is located.

Complaint for Lanham Act Violation

## Commentator "BigMaMaJoans"

14.    Plaintiff herein alleges that on a public website, Defendants conspired and created an alias, BigMaMaJoans.  On the website, BigMaMaJoans states that she is a patient who was treated at Cedars Sinai Hospital and received the Lap-Band surgical procedure.  BigMaMaJoans allegedly states that the doctor who performed the procedure is Defendant Khalili.  Plaintiff herein alleges that this internet profile is false and fraudulent and part of the Defendants' fraudulent scheme.  Plaintiff herein alleges that by creating a false profile, Defendants attempt to provide credibility to the subsequent false, misleading and disparaging posts.

15.    Plaintiff herein alleges after creating the false profile of "BigMamaJoans", Defendants then posted additional false and fraudulent information on various other Lap-Band specific websites.  With regard to the website, lapbandtalk.com, on or about March 4, 2010, Plaintiff herein alleges Defendants through the alias of "BigMaMaJoans" caused to be published comments on that site.  In a comment titled "1-800-get-thin," Defendants commented "Don't trust them with your life!"  Defendants then copied a news article from the Los Angeles Times regarding an out-patient surgery center which provides bariatric surgery.  Plaintiff herein alleges Defendants through the alias of BigMaMaJoans have made various other false and fraudulent internet postings.

16.    Plaintiff alleges that by stating "Don't trust them with your life" together with the trademark of 1 800 GET THIN, BigMaMaJoans sought to equate Plaintiff with the performance of medical services and/or the medical facility where the services were performed and/or the doctor that provided the medical care and treatment, even though Plaintiff neither owns, operates or controls any medical facility or medical doctor.  Plaintiff alleges that BigMaMaJoans' statement was false and misleading with regard to Plaintiff's business operations and therefore damaging to Plaintiff's trademark.

17.    On or about March 4, 2010, commentator BigMaMaJoans posted a report on RipoffReport.com.  Comments made on RipoffReport.com were similar to comments posted on lapbandtalk.com.  In fact, BigMaMaJoans on RipoffReport.com copied the same Los Angeles Times article posted on lapbandtalk.com and sought to equate Plaintiff with the out-patient surgery center and/or medical doctors providing medical care and treatment.  For that reason, Plaintiff is informed and believes that the BigMaMaJoans on RipoffReport.com and lapbandtalk.com are the same "persons," to wit, the Defendants.

18.    As with the statement on lapbandtalk.com, the statement on RipoffReport.com was false and misleading with regard to Plaintiff's business operations and damaging to Plaintiff's trademark.

19.    Recently, on January 23, 2011, another post on RipoffReport.com was made by BigMaMaJoans.  That post repeated the phrase "THE LAP BAND WORKS 1800 GET THIN KILLS PEOPLE!"  The post then copied a recent Los Angeles Times article by the same columnist as in the previous BigMaMaJoans posts.  As the same modus operandi was followed as in the prior BigMaMaJoans posts, Plaintiff believes this is the same "person(s)" who posted this and all prior comments, specifically, the Defendants.

20.    Also within the last 6 months, KHALILI has posted the five steps to avoid a "surgery mill."  In essence, KHALILI is directly attacking 1 800 GET THIN as 1 800 GET THIN is clearly the largest marketer of the Lap-Band procedure.  KHALILI then through the assistance of the Los Angeles Business Journal again makes direct reference to the Plaintiff as a "surgery mill."  This statement is further disparagement of the 1 800 GET THIN trademark for various reasons, including the fact that 1 800 GET THIN does not provide any type of medical service and therefore cannot be a "surgery mill."  Plaintiff herein alleges that these statements are further evidence of KHALILI's disparagement of the trademark and in furtherance of the conspiracy with FEIZ.

21.    Plaintiff is thus informed and believes Defendants have established a pattern and practice of making disparaging and misleading comments against Plaintiff which has damaged Plaintiff's trademark.

### Advertising Association

22.    Plaintiff herein alleges that in addition to directly attacking Plaintiff's trademark through the posting of false and fraudulent internet comments, Defendant, FEIZ have also sought to improperly associate himself with Plaintiff's trademark.

23.    Plaintiff is informed and believes that FEIZ has sought to associate himself with Plaintiff's trademark, 1 800 GET THIN, with regard to internet advertising.

24.    Specifically, Plaintiff is informed and believes that with regard to Google Ads, FEIZ has linked his website with Plaintiff's trademark.  By doing this, any person searching for Plaintiff's trademark, 1 800 GET THIN, on Google will see FEIZ'S name in the Google Ads space on the displayed web page.  This result occurs as FEIZ has linked his name to Plaintiff's trademark.  Therefore, Plaintiff alleges that FEIZ did this act for the purpose that when any individual searches for 1 800 GET THIN, they will find a negative article, mainly information falsely posted by FEIZ in conspiracy with KHALILI, the doctor who actually operated on BigMamaJoans, such that the individual user will then also simultaneously be exposed to a Google Ad for a competitor, namely FEIZ.

25.    Plaintiff is informed and believes that by these actions FEIZ in conspiracy with KHALILI are improperly and impermissibly associating with Plaintiff's trademark.

### First Cause of Action
### Violation of the Lanham Act
### (Against Defendants)

6          Complaint for Lanham Act Violation

26.     Plaintiff hereby incorporates Paragraphs 1 through 25, inclusive, herein by reference, as though set forth in full.

27.     This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq. This is a Federal Claim for which jurisdiction in the Federal Court is based.

28.     Plaintiff herein alleges that on or about March 4, 2010, Defendants using the alias "BigMaMaJoans" caused to be published comments on the website lapbandtalk.com. In a comment titled "1-800-get-thin," Defendants commented "Don't trust them with your life!" BigMaMaJones then copied a Los Angeles Times article regarding an out-patient surgery center with which it sought to associate Plaintiff.

29.     On or about March 4, 2010, commentator BigMaMaJoans posted to another website, RipoffReport.com, on which site BigMaMaJoans made similar comments to the posts on lapbandtalk.com. BigMaMaJoans copied the same Los Angeles Times article it had posted on lapbandtalk.com and sought to equate Plaintiff with the performance of medical services.

30.     On or about January 23, 2010, commentator BigMaMaJoans posted to RipoffReport stating "THE LAP BAND WORKS 1800 GET THIN KILLS PEOPLE!" followed by the posting of another Los Angeles Times article.

31.     On information and belief, Plaintiff alleges that BigMaMaJoans is actually Defendants, who conspired to make comments under an assumed name so as not to reveal their true identity.

32.     As identified, the Defendants in posting the statements specifically identified 1 800 GET THIN. The false and fraudulent comments Defendants made were of and concerning Plaintiff and would be understood as such by any other individual who read the publication.

33.     By those comments, Defendants, in connection with goods or services, used a false or misleading representation of fact which was likely to cause

Complaint for Lanham Act Violation

1   confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and
2   Plaintiff's business.

3       34.    Specifically, Defendants have sought to equate Plaintiff's business
4   with an outpatient surgery center even though Plaintiff does not own or operate any
5   medical facilities or hire any doctors.  As stated above, Plaintiff is merely a
6   marketing service.

7       35.    Plaintiff is informed and believes that Defendants' statements have
8   deceived or are likely to deceive a substantial portion of the audience reading those
9   statements.

10       36.    Plaintiff is informed and believes Defendants, by their actions, have
11   caused members of the public to believe Plaintiff does operate medical facilities
12   and is engaged in conducting medical services.

13       37.    As a result of Defendants' actions, Plaintiff has, and continues, to
14   suffer injury including loss of sales and profits.

### Second Cause of Action

### False Advertising in Violation of California

### Business & Professions Code § 17500

### (Against Defendants)

19       38.    Plaintiff hereby incorporates Paragraphs 1 through 37, inclusive,
20   herein by reference, as though set forth in full.  Jurisdiction for this Cause of
21   Action is based upon supplemental jurisdiction.

22       39.    Plaintiff on information and belief alleges Defendants conspired to
23   make disparaging, untrue, and misleading comments against Plaintiff under the
24   assumed name of BigMaMaJoans.

25       40.    Recently, the Federal Trade Commission ("FTC") has issued new
26   guidelines regarding the conduct of bloggers and commentators on the internet.
27   One of new guidelines concerns disclosures of material connections.

28       41.    Specifically, 16 CFR § 255.5 states:

8            Complaint for Lanham Act Violation

When there exists a connection between the endorser and seller of the advertised product that might materially affect the weight or credibility of the endorsement (i.e., the connection is not reasonably expected from the audience), such connection must be fully disclosed.

42.     Defendants, as competitors of Plaintiff, have violated 16 CFR § 255.5 by not revealing or using their true identity and collectively using the assumed identity of BigMaMaJoans for their comments.

43.     Plaintiff is informed and believes that in violating FTC regulations, Defendants have engaged in false advertising per se and are in violation of California Business & Professions Code § 17500.

44.     Additionally, in seeking a misleading association with Plaintiff's trademark through the misuse of Google Ads, Defendants have committed a second violation of California Business & Professions Code § 17500.

45.     As a result of Defendants' actions, Plaintiff has suffered and continues to suffer economic damages, all according to proof at the time of trial.

**Third Cause of Action**

**Unfair Business Practices in Violation of California**

**Business & Professions Code § 17200**

**(Against Defendants)**

46.     Plaintiff hereby incorporates Paragraphs 1 through 45, inclusive, herein by reference, as though set forth in full.  Jurisdiction for this Cause of Action is based upon supplemental jurisdiction.

47.     Plaintiff on information and belief alleges Defendants made disparaging comments against Plaintiff under the assumed name of BigMaMaJoans.

48.     As alleged above, Plaintiff alleges that these actions constitute a violation of the Lanham Act.

Complaint for Lanham Act Violation

49.    Plaintiff is also informed and believes Defendants have violated FTC regulations and engaged in false advertising.

50.    Defendants' statutory and regulatory violations constitute an unfair business practice under California Business & Professions Code § 17200 et. seq.

51.    Plaintiff has been injured by Defendants' unfair business practices and Defendants' acts are the actual and proximate cause of Plaintiff's injuries.

**Prayer for Relief**

Wherefore Plaintiff prays for judgment as follows:

1.    Defendants be enjoined from making false and misleading statements against Plaintiff;

2.    Defendants be enjoined from engaging in false and misleading commercial advertising;

3.    Defendants be ordered to reimburse Plaintiff for any damages suffered in an amount to be proven at trial;

4.    Defendants be ordered to make restitution of all monies due Plaintiff and disgorgement of profits from Defendants' unlawful business practices;

5.    .Defendants be ordered to reimburse Plaintiff for reasonable attorney fees and the cost of suit herein pursuant to 15 USC § 1117; and,

6.    For such other and further relief as the Court may determine is just and proper.

Dated this 22nd day of February, 2011

SILVERMAN & ASSOCIATES

Robert B. Silverman
Attorneys For Plaintiff

Complaint for Lanham Act Violation