1
2
3

**VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
700 SOUTH FLOWER STREET, 22nd FLOOR
LOS ANGELES, CALIFORNIA 90017-4209
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

4  KEITH G. WILEMAN, State Bar No. 111225
   kwileman@veatchfirm.com
5
6  Attorneys for Defendant,
   FARZIN FEIZBAKHSH, M.D.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | 1 800 GET THIN, LLC, | ) | CASE NO. CV11-00767 CAS (FFMx) |
|---|---|---|---|
| 12 | Plaintiff, | ) | NOTICE OF MOTIONS AND MOTIONS TO: |
| 13 | vs. | ) | 1) DISMISS ENTIRE FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6); |
| 14 | FARZIN FEIZBAKHSH, M.D. a.k.a. DR. FEIZ; THEODORE KHALILI, M.D. a.k.a. DR. TED KHALILI; and DOES 1 - 10, inclusive, | ) | 2) PROVIDE A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); AND |
| 15 | | ) | |
| 16 | Defendants. | ) | 3) STRIKE STATE LAW CAUSE OF ACTION FOR FALSE ADVERTISING PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §425.16 |
| 17 | | ) | |

18  DATE: MAY 2, 2011
    TIME: 10:00 A.M.
19  COURTROOM: 5 - SECOND FLOOR

20     TO THE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
21
       PLEASE TAKE NOTICE that on May 2, at 10:00 a.m, or as soon thereafter as
22
    counsel may be heard, in Courtroom 5 of the above-entitled Court, located at 312
23
    North Spring Street, Los Angeles, California, Defendant Farzin Feizbakhsh, M.D.
24
    (sometimes hereinafter "Dr. Feiz") will, and hereby does, move this Honorable Court to:
25
    1) dismiss Plaintiff 1 800 Get Thin's ("Get Thin") entire First Amended Complaint[1]
26

27  ─────────────
28  [1]The Third Cause of Action has already been dismissed pursuant to
    stipulation and order.

- 1 -
MOTIONS TO DISMISS, TO PROVIDE A MORE DEFINITE STATEMENT, AND TO STRIKE

("FAC") pursuant to Rule 12(b)(6), F. R. Civ. Proc. on the grounds that it fails to allege facts sufficient to state any cause of action against Dr. Feiz; 2) order Get Thin to provide a more definite statement pursuant to Rule 12 (e), F. R. Civ. Proc.; and 3) strike the second state law cause of action for alleged false advertising pursuant to California *Code of Civil Procedure* §425.16, and to award Dr. Feiz his reasonable attorney's fees in the amount of $800.00 incurred in making the motion to strike.

These motions are based upon this Notice of Motions and Motions, the attached Memorandum of Points and Authorities, the attached Declaration of Keith G. Wileman, the FAC itself, and all papers and pleadings on file in this action, together with such additional evidence, argument and authorities as the Court may admit at or before the time it makes its rulings on these motions.

These Motions are made following the conference of counsel pursuant to Local Rule 7-3 which took place on March 28, 2011.

DATED: April 4, 2011

Respectfully submitted,
VEATCH CARLSON, LLP

By: _____
KEITH G. WILEMAN
Attorneys for Defendant,
FARZIN FEIZBAKHSH, M.D.

I:\WP\01606561\NOH-notice of motion to dismiss FAC.wpd

## TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . 3

1. The Allegations of The FAC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

2. The Entire Complaint Is So Vague, Ambiguous, and Self-Contradictory That a Proper Answer Cannot Be Framed, and Thus a More Definite Statement Should be Ordered under Rule 12(e) . . . . . . . . . . . . . . . . . . . . . 4

3. Plaintiff's Claims for Alleged Violations of the Lanham Act and Claimed False Advertising under California Law Should Be Dismissed for Failure to State a Claim on Which Relief May Be Granted . . . . . . . . . . . . . . . . . . . . . 5

    A. The First Cause of Action for Alleged Violation of the Lanham Act . . 5

    B. The Second Cause of Action for Alleged False Advertising . . . . . . . . 6

4. The Second Cause of Action for False Advertising Under California State Law Runs Afoul of California's Anti-SLAPP Law, and Should Be Stricken With Prejudice and Attorney's Fees Awarded . . . . . . . . . . . . . . . . . . . . . . . . . . 7

5. Attorney's Fees Must be Awarded . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

6. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

DECLARATION OF KEITH G. WILEMAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

Page

**Cases**

*Rivero v. American Federation of State, County, & Municipal Employees,*

    105 Cal. App. 4th 913, 130 Cal. Rptr. 2d 81, 89-90 (2003) . . . . . . . . . . . . . 8

**Statutes**

*California Business and Professions Code* §17500 . . . . . . . . . . . . . . . . . . . . . 6-8

California *Code of Civil Procedure* §425.16 . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

California *Code of Civil Procedure* §425.16 . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Code of Civil Procedure* §425.16 (a), (b) (c) and (e) . . . . . . . . . . . . . . . . . . . . . 8

Code of Civil Procedure §425.16 (c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Rule 12 (e), F. R. Civ. Proc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

Rule 12(b)(6), F. R. Civ. Proc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

Rule 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

**Federal Cases**

*Ashcroft v. Iqbal*, 556 U.S. ___. 129 S. Ct.1937, 1949 (2009) . . . . . . . . . . . . . . 5

MOTIONS TO DISMISS, TO PROVIDE A MORE DEFINITE STATEMENT, AND TO STRIKE

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) . . . . . . . . . . . . . . . . . . . . . 5

*Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. CA.1999) . . . . . 4

*Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. CA. 1981) . 4

*Hilton v. Hallmark Cards*, 580 F. 3d 874 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . 8, 9

*Network Automation v. Advanced Systems Concepts*, 9th Cir. No. 10-55840 . . . . 5, 7

*United States ex. rel. Newsham v. Lockheed Missiles & Space Co., Inc.*,
    190 F. 3d 963 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>Federal Statutes</u>

Rule 12 (e), F. R. Civ. Proc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

Rule 12(b)(6), F. R. Civ. Proc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

Rule 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

<u>Other Authorities</u>

*McCarthy on Trademarks and Unfair Competition*, §23:1 at p. 23-9, 12/2010 ed. . . . 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. The Allegations of The FAC

Plaintiff Get Thin is well-known in Southern California for its billboard and radio and television advertising touting the benefits of the Lap Band® bariatric surgical procedure. Although it is not altogether clear, it appears that the gravamen of Get Thin's FAC as against Dr. Feiz is unflattering postings (claimed to be fraudulent and defamatory) on various bariatric surgery Internet blogs, and the alleged "linking" by Dr. Feiz of his Internet website to Get Thin's unregistered trademark (its name) on Google, presumably through Google AdWords.

In its rather confusing and sometimes self-contradictory FAC, Get Thin does make one thing absolutely plain: It does not own any medical clinics, and it does not provide any medical services, but rather is "purely a marketing service company" that simply refers callers "to a medical facility in their area for a free seminar." (FAC ¶7.) Get Thin is adamant in its allegations that it does not provide medical services and does not own medical clinics. (FAC ¶¶ 7, 16, and 34.) All of the defendants are alleged to be medical doctors. None of the defendants are alleged to be medical marketing services companies, but in outright contradiction are nevertheless alleged to somehow be competitors of Get Thin. (FAC ¶¶ 10 and 42.)

There are two named defendants and 10 Doe defendants in the FAC. The two named defendants are Dr. Feiz and a competitor of his, Theodore Khalili, M.D., both of whom perform the Lap Band® procedure. The FAC defines Drs. Feiz and Khalili by their last names, and the 10 Does as "Defendants." The FAC then goes on to direct the vast majority of its charging allegations against the Doe "Defendants" as opposed to Dr. Feiz or Dr. Khalili. As those allegations are specifically not made as against Dr. Feiz, they will for the most part not be addressed in these motions. Dr. Feiz is mentioned in only 6 paragraphs of the FAC, namely Nos. 3, 20, 22, 23, 24, and 25, and is not mentioned at all in the two surviving causes of action themselves.

///

Indeed, neither of the two surviving causes of action are even directed against Dr. Feiz, but instead against only the Doe "Defendants." Dr. Feiz will nevertheless address the lack of merit of those two causes of action as against him in the interest of judicial economy.

### 2. The Entire Complaint Is So Vague, Ambiguous, and Self-Contradictory That a Proper Answer Cannot Be Framed, and Thus a More Definite Statement Should be Ordered under Rule 12(e)

A rule 12(e) Motion for a More Definite Statement is properly made where, as here, the complaint is so indefinite that the defendant cannot ascertain the nature of the claims being asserted. (See *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. CA. 1981); *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. CA.1999). Here, none of the headings of the causes of action name Dr. Feiz as a defendant to any cause of action; rather, they are all asserted against "Defendants," who in paragraph 5 of the FAC are defined to be the 10 Doe defendants.

To complicate matters further, the FAC goes on at length about "false and defamatory statements" and "disparaging posts" made on various Internet bariatric surgery blogs, but then does not purport to state a claim for defamation against any defendant. The FAC proceeds to describe the same blog postings as "false and fraudulent," and "false and misleading," but makes no claim for fraud.

Paragraph 20 of the FAC makes certain charging allegations against Dr. Khalili, and concludes that Dr. Khalili's activities were done "in furtherance of the (nowhere explained) conspiracy with FEIZ."

This Motion for a More Definite Statement should be considered in the context of the requisites of Rule 9(b), which mandates that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Clearly the FAC fails that heightened pleading standard.

Accordingly, the Court should order plaintiff, at a minimum, to provide the Court and the litigants with a Second Amended Complaint which is a more definite statement

of the claims being made, and the specific defendants against whom they are being made.

### 3. Plaintiff's Claims for Alleged Violations of the Lanham Act and Claimed False Advertising under California Law Should Be Dismissed for Failure to State a Claim on Which Relief May Be Granted

Rule 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations [except perhaps where required under Rule 9(b)], a plaintiff's obligation to prove the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). (Citations omitted.) Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* In other words, the allegations must be plausible on the face of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. ___. 129 S. Ct.1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (Citations and internal quotations omitted.)

#### A. The First Cause of Action for Alleged Violation of the Lanham Act

The *sine qua non* of the Lanham Act is consumer confusion, and "the owner of the mark must demonstrate likely confusion, not mere diversion." *Network Automation v. Advanced Systems Concepts*, 9th Cir. No. 10-55840, filed March 8, 2011, at 3241. *See also Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763. 112 S. Ct. 2753, 2758 ("It is, of course, also undisputed that liability under §42(a) [of the Lanham Act] requires proof of the likelihood of confusion.") (Quoted in *McCarthy on Trademarks and Unfair Competition*, §23:1 at p. 23-9, 12/2010 ed.)

In this case, the FAC alleges false and defamatory blog commentary (which is

- 5 -
MOTIONS TO DISMISS, TO PROVIDE A MORE DEFINITE STATEMENT, AND TO STRIKE

not actionable anyway, as shown hereinbelow), and the alleged "advertising association" between Dr. Feiz and Get Thin, which supposedly results in the display of both Dr. Feiz' website and negative articles from the *Los Angeles Times*[2] when one types "1 800 Get Thin" into Google. In paragraph 33, Get Thin alleges: "By those comments, Defendants [but not Dr. Feiz?], in connection with goods or services, used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business." How the acts complained of could provide consumer confusion is left to the reader's imagination.[3]

Importantly, while Get Thin alleges the inherently contradictory conclusion that Dr. Feiz is a competitor, it goes to great lengths to point out that it is just a marketing service, not a health care provider, while Dr. Feiz is a health care provider and is not alleged to be a marketing service owner or principal.

Lastly, the allegation of "loss of sales and profits" is also wholly conclusory and makes little sense, since plaintiff's customers who pay for its services are healthcare providers, not patients.

### B. The Second Cause of Action for Alleged False Advertising

Comparative advertising, including advertising which portrays a competitor's products or services in a negative fashion, is entirely lawful.

False advertising under *California Business and Professions Code* §17500[4] is the making of "untrue or misleading" statements about **one's own products**. Plaintiff

---

[2] Plaintiff has also sued the author of the subject unflattering articles concerning Get Thin which appeared in the *Los Angeles Times*, *1 800 Get Thin v. Michael Hiltzlik, et al.*, CV 11-0505 ODW (Ex), filed January 18, 2011.

[3] Notably, there is no allegation that Get Thin's own website does not appear.

[4] "It is unlawful for any person...with intent...to perform services...to make or disseminate...any statement...concerning... those services...which is untrue or misleading...."

- 6 -
MOTIONS TO DISMISS, TO PROVIDE A MORE DEFINITE STATEMENT, AND TO STRIKE

alleges the opposite, namely that "disparaging, untrue, and misleading comments against Plaintiff" were made on the Internet. (FAC ¶39.) Accordingly, no cause of action for false advertising under *California Business and Professions Code* §17500 has been stated.

Plaintiff then relies upon 16 C.F.R. §255.5 regarding endorsers on Internet blogs and the need to disclose connections between the endorser and seller of the advertised product, which is equally inapposite, since Dr. Feiz is not alleged to be advertising his own services on these Internet blogs. Thus, no cause of action has been stated thereby either.

Lastly, Get Thin relies upon the alleged misuse of Google AdWords, an issue just considered by the Ninth Circuit in *Network Automation v. Advanced Systems Concepts, supra*, in connection with the Lanham Act. Once again, however, the gravamen of a cause of action for false advertising under the statute has to be "untrue or misleading" statement about one's own goods. That Dr. Feiz is not alleged to have done, even if he were to have linked his own website and the *Los Angeles Times* articles about plaintiff by way of Google AdWords, since there is nothing in Fr. Feiz' website which is alleged to be untrue or misleading.

Accordingly, no cause of action has been stated and the claim should be dismissed as well, properly so with prejudice.[5]

### 4. The Second Cause of Action for False Advertising Under California State Law Runs Afoul of California's Anti-SLAPP Law, and Should Be Stricken With Prejudice and Attorney's Fees Awarded

California *Code of Civil Procedure* §425.16 provides, in pertinent part, that "it is in the public interest to encourage continued participation matters of public significance, and that this participation should not be chilled through the abuse of the judicial process. To this end, this section shall be construed broadly. *** A cause of

---

[5] Plaintiff has had access to Dr. Feiz' website and has not complained that it contains any untrue or misleading statements, so it would seem that leave to amend would be fruitless.

- 7 -
MOTIONS TO DISMISS, TO PROVIDE A MORE DEFINITE STATEMENT, AND TO STRIKE

action against a person arising from any act in furtherance of the person's right ...of free speech...in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail upon the claim...." * * * A "prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." * * * "As used in this section, 'act in furtherance of a person's right...of free speech in connection with a public issue' includes...any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest...or any other conduct in furtherance of the exercise of the...right of free speech in connection with a public issue or an issue of public interest." *(Code of Civil Procedure* §425.16 (a), (b) (c) and (e); emphasis supplied.)

The Ninth Circuit has determined that subdivisions (b) and (c), providing for the special motion to strike and an award of attorney's fees and costs, applies to California state law claims being pursued in the federal courts. *Hilton v. Hallmark Cards*, 580 F. 3d 874 (9th Cir. 2009); *United States ex. rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F. 3d 963 (9th Cir. 1999).

It is beyond peradventure that the actions apparently being complained about in the Second Cause of Action for False Advertising in Violation of California Business and Professions Code §17500 implicate Dr. Feiz' right to free speech in connection with a public issue or an issue of public interest. After all, the allegation is that the defendants "copied a news article from the Los Angeles Times regarding an out-patient surgery center which provides bariatric surgery" to an Internet blog called "lapbandtalk.com" which discusses health issues associated with such procedures and comments on the quality and safety of services provided and then opined: "Don't trust them with your life!" Clearly these actions and speech concerned an "entity in the public eye," involved "conduct that could directly affect a large number of people beyond the direct participants," and involved "a topic of widespread, public interest." *Rivero v. American Federation of State, County, & Municipal Employees*, 105 Cal. App.

4th 913, 130 Cal. Rptr. 2d 81, 89-90 (2003), quoted in *Hilton v. Hallmark Cards*, *supra*, 580 F. 3d at 886. Under *Rivero*, the speech must only fall into one of these three categories. In this case, it falls into all three. There is no question that Get Thin is an entity in the public eye. The quality of care rendered in the clinics to which Get Thin is referring patients certainly directly affects a large number of people beyond Get Thin and Dr. Feiz, and the series of *Los Angeles Times* articles shows this to be a topic of widespread, public interest.

Accordingly, Dr. Feiz has met the first prong of Anti-SLAPP motion test.

The second prong, plaintiff's inability to establish a probability that it will prevail on the claim, is also plainly shown by the discussion in section 3.B. above. Therefore, the Court should strike the Second Cause of Action with prejudice as violative of *Code of Civil Procedure* §425.16.

### 5. Attorney's Fees Must be Awarded

Pursuant to Code of Civil Procedure §425.16 (c)(1), an award of costs and attorney's fees to a successful moving party is mandatory. The attached Declaration of Keith G. Wileman establishes a billing rate of $160.00 per hour for this matter, and the expenditure of 5 hours' time spent researching and drafting the Anti-SLAPP portion of these moving papers. Accordingly, $800.00 in attorney's fees should be assessed against Get Thin in connection with the Anti-SLAPP motion.

### 6. Conclusion

For all of the foregoing reasons, all three motions should be granted, leave to amend should be denied, and $800.00 in attorney's fees be awarded to Dr. Feiz.

DATED: April 4, 2011

Respectfully submitted,

VEATCH CARLSON, LLP

By: _____
KEITH G. WILEMAN
Attorneys for Defendant,
FARZIN FEIZBAKHSH, M.D.

## DECLARATION OF KEITH G. WILEMAN

I, Keith G. Wileman, declare:

1. I am an attorney at law, duly licensed to practice before this Court, before all the Courts of the State of California, and the United States Supreme Court. I am the attorney of record for defendant Dr. Feiz in this matter. I therefore have personal knowledge of the following facts and circumstances, and could and would testify to them under oath if called upon to do so. I make this declaration in support of Dr. Feiz' foregoing request for $800.00 in attorney's fees in connection with the special Anti-SLAPP motion to strike.

2. I have spent approximately 5 hours researching and drafting the foregoing special Anti-Slapp motion to strike. My billing rate as established for this file is $160.00. Dr. Feiz therefore respectfully requests that the Court award him $800.00 in attorney's fees for the special Anti-SLAPP motion to strike.

I declare under penalties of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this declaration was executed this 4th day of April, at Los Angeles, California.

_____
Keith G. Wileman

# CERTIFICATE OF SERVICE

I hereby certify the following: I am over the age of 18 years and am not a party to the above-captioned action. I am a registered user of the CM/ECF system for the United States District Court for the Central District of California.

On April 4, 2011, I electronically filed the foregoing NOTICE OF MOTIONS AND MOTIONS TO: 1) DISMISS ENTIRE FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6); 2) PROVIDE A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); AND 3) STRIKE STATE LAW CAUSE OF ACTION FOR FALSE ADVERTISING PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §425.16 with the Clerk of the Court using the CM/ECF system. To the best of my knowledge, all counsel to be served in this action is registered CM/ECF users and will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/ Keith G. Wileman
KEITH G. WILEMAN, 111225