**SILVERMAN & ASSOCIATES**
**ROBERT B. SILVERMAN SBN 170517**
**25 S. OAK KNOLL AVE., SUITE 504**
**PASADENA, CA 91101**
**TEL: (714) 936-7499**
**FAX: (888) 308-5099**
**EMAIL: SIVLERATTY@GMAIL.COM**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| 1 800 GET THIN, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Farzin Feizbakhsh, M.D. aka Dr. Feiz;<br>Theodore Khalili, M.D.; Does 1-10, inclusive;<br><br>Defendants | Case Number: CV11-00767-CAS (FFMx)<br><br>*EX PARTE* APPLICATION FOR ORDER CONTINUING THE HEARING ON DEFENDANT'S MOTIONS AND FOR LIMITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION; DECLARATION OF ROBERT SILVERMAN; CERTIFICATE OF SERVICE |

To Defendant, Farzin Feizbakhsh and his Attorneys of Record:

**PLEASE BE ADVISED** that pursuant to Courtroom Local Rule #5, you have 48 hours from the date of service to file and serve your Opposition to this Ex Parte Application, if any.

Plaintiff 1 800 Get Thin, LLC ("Plaintiff") hereby applies to the Court *ex parte* for an order allowing limited discovery in this matter and for an order continuing the hearing date for Defendant Farzin Feizbakhsh's ("Defendant") pending Motion to dismiss pursuant to FRCP 12(b)(6), to provide a more definite statement pursuant to FRCP 12(e), and to strike state law cause of action for false advertising pursuant to California Code of Civil Procedure § 425.16 ("Anti-SLAPP motion").

Ex Parte Application for Limited
Discovery and to Continue
Defendant's Motion Hearing

1

Plaintiff seeks limited discovery in order to obtain further evidence showing that Defendant made injurious comments to Plaintiff's trademark while hiding behind an internet alias. Good cause exists for granting Plaintiff its desired relief as limited discovery is required to address the concerns brought up in Defendant's motions. Plaintiff requires limited discovery in order to meet its burden in opposing Defendant's Anti-SLAPP motion. In order to accommodate the request for limited discovery, Plaintiff also requests that the hearing on Defendant's motions be continued sixty (60) days.

Even in the alternative, should the Court deny the request for limited discovery, the Plaintiff herein requests additional time to respond to the Anti-SLAPP Motion. In that case, the Plaintiff requests the Motion be continued for 45 days to provide sufficient time to prepare a response.

Plaintiff's counsel has informed Defendant's counsel that this *ex parte* application would be submitted pursuant to the Local Rules of this Court and the District.

Dated April 6, 2011

**SILVERMAN & ASSOCIATES**

Robert B. Silverman
Attorneys for Plaintiff

Ex Parte Application for Limited
Discovery and to Continue
Defendant's Motion Hearing

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

By this *ex parte* application, Plaintiff 1 800 Get Thin, LLC ("Plaintiff") seeks to conduct limited discovery in order to respond to Defendant Farzin Feizbakhsh's ("Defendant") Anti-SLAPP motion, and other concurrently filed motions. Plaintiff also asks the Court to continue the hearing on Defendant's motions 60 days in order to accommodate Plaintiff's conducting limited discovery. Good cause exists for this motion as Plaintiff requires the limited discovery in order to properly oppose Defendant's motion and avoid irreparable prejudice in its attempts to oppose Defendant's motion should the relief Plaintiff seeks not be granted.

### II.

### PLAINTIFF REQUIRES LIMITED DISCOVERY IN ORDER TO PROPERLY OPPOSE DEFENDANT'S ANTI-SLAPP MOTION

Defendant has brought an Anti-SLAPP motion against the second cause of action in Plaintiff's First Amended Complaint. The standard of review for an Anti-SLAPP motion is two-fold. First, the defendant has the initial burden to make a prima facie showing that the plaintiff's claims are subject to the Anti-SLAPP Statute. See <u>Chavez v. Mendoza</u>, 94 Cal.App.4th 1083, 1087 (4th Dist. 2001). If the

defendant makes that showing, the burden shifts to the plaintiff to establish a probability he or she will prevail on the claim at trial, i.e., to proffer a prima facie showing of facts supporting a judgment in the plaintiff's favor. [See Id.] Assuming that Defendant can meet his burden under the first prong of an Anti-SLAPP review, Plaintiff will need to establish a prima facie showing of facts, which requires limited discovery.

The basis of Plaintiff's claim is that Defendant, a competitor of Plaintiff, posted injurious comments under the assumed name "BigMaMaJoans" on websites related to the parties industry for the purpose of injuring Plaintiff's trademark. In addition to the trademark injury, Defendant advertised on those sites on which he posted his injurious comments in order to drive potential customers of Plaintiff to his practice. In preparing for this case, Plaintiff has engaged in a limited investigation that revealed the ISP address for BigMaMaJoans was registered to Defendant's place of business. [See Declaration of Robert Silverman ¶ 3]

In order to provide a more substantial showing as is required for its opposition to the Anti-SLAPP motion, Plaintiff needs to conduct limited discovery on Defendant and his internet service provider for the purposes of further establishing that Defendant is the commentator BigMaMaJoans. The discovery sought would be limited to this issue and Plaintiff will also need to issue subpoenas for records from Defendant's internet service provider, third party bulletin boards

and from Defendant. Such discovery would allow the parties and the Court to determine the identity of BigMaMaJoans early in this matter, which would increase the efficiency with which this matter proceeds. Plaintiff is currently unable to conduct any discovery without a court order pursuant to FRCP 26(d) and by the nature of the Anti-SLAPP Motion which also places a stay on discovery, absent a court order. Failure to allow this limited discovery would irreparably prejudice Plaintiff in its attempts to oppose Defendant's Anti-SLAPP motion.

Due to the likelihood of Plaintiff suffering irreparable prejudice should this application be denied, good cause exists for granting this application. [See Mission Power Engineering Co. v. Continental Cas. Co., 883 F.Supp. 488, 492 (C.D. CA 1995)] Furthermore, it is within the Court's power to extend the time to something upon a showing of good cause pursuant to FRCP 6(b). Plaintiff, therefore, also requests that the motion hearing in this matter be continued sixty days to allow Plaintiff to conduct the discovery it seeks in order to properly defend itself against Defendant's unwarranted attack.

## CONCLUSION

Good cause exists for the granting of this *ex parte* application. Allowing Plaintiff limited discovery will allow Plaintiff to properly oppose Defendant's motion and allow the case to proceed more efficiently as preliminary issues in this matter will have been decided and determined.

Dated: April 6, 2011

**SILVERMAN & ASSOCIATES**

_____
Robert B. Silverman
Attorneys for Plaintiff

## **DECLARATION OF ROBERT SILVERMAN**

Pursuant to 28 USC § 1746, Robert Silverman declares that:

1. I am an attorney at law, duly licensed to practice before this Court and in the state of California. I am the attorney of record for Plaintiff 1 800 Get Thin, LLC in this matter. I therefore have personal knowledge of the following facts and circumstances.

2. On April 6, 2011, I had several email correspondences with Mr. Wileman concerning the filing of this Ex Parte Application. In fact, Mr. Wileman was specifically provided via email the full draft of this Ex Parte Application and was provided with an opportunity to provide me with any comments that he would like incorporated into this Application. It was agreed that Mr. Wileman would respond as follows: the Defendant objects to the Ex Parte Application and expects to file formal Opposition to the Application within the 48 hour period provided by the Court's Local Rule

3. Prior to the filing of this matter, the identity of the internet poster "BigMaMaJoans," whose comments are the source of Plaintiff's injuries was identified. The investigation revealed that the internet service provider address for that poster was registered to Defendant

Ex Parte Application for Limited Discovery and to Continue Defendant's Motion Hearing

Farzin Feizbakhsh, MD's place of business. However, at this time, the source of this information would not be admissible.

4. In order to properly defend this present Motion, it is necessary to conduct discovery to obtain admissible evidence to support the cause of action. The requested discovery has been substantially limited to address the sole issue of the Anti-SLAPP action.

I declare under penalties of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this declaration was executed on April 6, 2011 in Beverly Hills, California.

Robert Silverman

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record herein via the Court's electronic notification system on April 6, 2011.

/s/ Robert B. Silverman