1
2
3

**VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
700 SOUTH FLOWER STREET, 22nd FLOOR
LOS ANGELES, CALIFORNIA 90017-4209
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

4    KEITH G. WILEMAN, State Bar No. 111225
kwileman@veatchfirm.com
5
6    Attorneys for Defendant,
FARZIN FEIZBAKHSH, M.D.

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   1 800 GET THIN, LLC,                )   CASE NO. CV11-00767 CAS (FFMx)
                                          )
12              Plaintiff,                )   MEMORANDUM OF POINTS AND
                                          )   AUTHORITIES; DECLARATION OF
13        vs.                             )   KEITH G. WILEMAN, AND EXHIBITS IN
                                          )   OPPOSITION TO *EX PARTE* APPLICATION
14   FARZIN FEIZBAKHSH, M.D. a.k.a.        )   FOR CONTINUANCE OF HEARING AND
     DR. FEIZ; THEODORE KHALILI, M.D.     )   DISCOVERY RE: ANTI-SLAPP MOTION
15   a.k.a. DR. TED KHALILI; and DOES     )
     1 - 10, inclusive,                   )
16                                        )
                                          )
17              Defendants.               )
                                          )
18   _____)

19        TO THE COURT, AND TO PLAINTIFF 1 800 GET THIN AND ITS ATTORNEY OF

20   RECORD:

21        Defendant Farzin Feizbakhsh, M.D. ("Dr. Feiz") respectfully submits the attached

22   Memorandum of Points and Authorities, Declaration of Keith G. Wileman, and Exhibits

23   in opposition to plaintiff 1 800 Get Thin's ("Get Thin") *Ex Parte* Application for Order

24   Continuing the Hearing on Defendant's Motions and for Limited Discovery ("*Ex Parte*")

25   filed and served in April 6, 2011.

26        This opposition is based upon the grounds that there has been no good cause

27   shown, and can be no good cause shown, for the relief requested by Get Thin.  Get

28   Thin seeks the unusual and unfair benefit of unilateral discovery - including the

1  deposition of Dr. Feiz and the use of third-party subpoenas - before it has even made

2  its initial disclosures in this matter to obtain information to oppose a motion that in

3  state court would institute a **stay** on all discovery, not the **opening** of it.  Furthermore,

4  it is evident that the information sought by this proposed discovery would have no

5  bearing on the determination of the Anti-SLAPP motion to strike in any event.

6  Therefore, there is simply no good cause for the relief being sought, and the *Ex Parte*

7  should be denied.

8  DATED:  April 7, 2011

Respectfully submitted,
VEATCH CARLSON, LLP

9

10

By: _____

11  KEITH G. WILEMAN
Attorneys for Defendant,

12  FARZIN FEIZBAKHSH, M.D.

13  I:\WP\01606561\MTN-opposition to ex parte re anti-slapp.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Factual and Procedural Background

Plaintiff Get Thin is the well-known promoter of Lap Band® bariatric surgery which employs a pervasive advertising campaign including television, radio, print, and billboard placements.

Get Thin takes pains to allege throughout its First Amended Complaint ("FAC") that it is not a health care provider, renders no medical services, and owns no clinics, but instead simply is a marketing service company that refers callers to a medical facility in the caller's area for a free seminar. (FAC ¶¶7, 16, 20, 34 and 36.)  Get Thin alleges that all of the named and Doe defendants are medical doctors who perform the Lap Band® surgery, and then draws the illogical conclusion that Get Thin and all of the defendants are competitors, even though the defendants are all alleged to be doctors and not marketing service companies. (FAC ¶¶3, 4, 5,10 and 42.)

The parties, though their respective counsel, have stipulated that the third cause of action for unfair business practices may be dismissed without prejudice (Doc. # 12 and 12-1.), leaving only the first cause of action for alleged Lanham Act violations and the second cause of action for false advertising under California *Business and Professions Code* §17500.

### 2. The Anti-SLAPP Motion to Strike and the Relief Sought by the *Ex Parte*

The second cause of action, being under California law, is subject to a California *Code of Civil Procedure* §425.16 Anti-SLAPP motion to strike.  Dr Feiz has moved to strike it under that statutory provision, in addition to attacking it by way of Rule 12(b)(6) and 12(e) motions to dismiss and for a more definite statement.

The gravamen of a cause of action under California *Business and Professions Code* §17500 is the making of untrue and misleading statements about one's own goods or services, not defaming the goods or services of others.  Nevertheless, Get Thin has attempted to plead such a cause of action based upon allegedly false and defamatory statements it attributes to Dr. Feiz on one or more Lap Band® bariatric

1  surgery blogs.

2      Dr. Feiz has moved to strike this second cause of action under the Anti-SLAPP

3  statute because the challenged speech is protected, and because Get Thin cannot

4  show that it is likely to prevail on the novel theory advanced by the second cause of

5  action.

6      In response to that motion to strike, Get Thin brought the instant *Ex Parte*,

7  seeking evidence in support of its allegations that Dr. Feiz made "injurious" statements

8  about Get Thin on Internet blogs concerning Lap Band® bariatric surgery by posting *Los*

9  *Angeles Times* articles about plaintiff and deaths in clinics to which it refers patients,

10  and then writing commentary such as: "Don't trust them with your life!"

11      3. <u>Conclusion</u>

12      However, the evidence which Get Thin seeks is simply irrelevant to the

13  determination of the Anti-SLAPP motion to strike by virtue of plaintiff's own allegations

14  in the FAC, as shown by the motion itself. (Doc. #10.)

15      Accordingly, the instant *Ex Parte* should be denied with prejudice.

16  DATED:  April 7, 2011                    Respectfully submitted,
                                             VEATCH CARLSON, LLP
17

18                                  By: _____
19                                       KEITH G. WILEMAN
                                         Attorneys for Defendant,
20                                       FARZIN FEIZBAKHSH, M.D.

21

22

23

24

25

26

27

28

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR EARLY DISCOVERY AND CONTINUANCE

## DECLARATION OF KEITH G. WILEMAN

I, Keith G. Wileman, declare:

1.  I am an attorney at law, duly admitted to the bar of this Honorable Court, all the courts of the State of California, and the United States Supreme Court.  I am the attorney of record for defendant Dr. Feiz in this action.  As such, I am personally familiar with the facts and circumstances set forth in this declaration, and could and would competently testify to them under oath if called upon to do so.  I make this declaration in opposition to Get Thin's *Ex Parte*.

2.  On Wednesday, October 6th, 2011 at 12:16 p.m., Get Thin's counsel Robert B. Silverman sent me an e-mail, a true and correct copy of which is attached hereto as Exhibit "A."

3.  Upon receipt of Mr. Silverman's e-mail, I promptly drafted a responsive e-mail which I sent to Mr Silverman at 3:05 p.m., a true and correct copy of which is attached hereto as Exhibit "B."

4.  Following this exchange of e-mails, I had a telephone conversation with Mr. Silverman, but we were unable to resolve our disagreements regarding the subjects of the *Ex Parte*.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 7th day of April, 2011 at Los Angeles, California.

Keith G. Wileman

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR EARLY DISCOVERY AND CONTINUANCE

EXHIBIT A                    - 6 -

**Keith Wileman**

| | |
|---|---|
| **From:** | Robert Silverman [silveratty@gmail.com] |
| **Sent:** | Wednesday, April 06, 2011 12:16 PM |
| **To:** | Keith Wileman |
| **Subject:** | Ex Parte Application |
| **Attachments:** | Ex Parte Application for Order Extending Time to Respond and for Limited Discovery.doc; [Proposed] Order Extending Time to Respond and for Limited Discovery.doc |

Dear Mr. Wileman:

Attached is a Proposed Ex Parte Application and Proposed Order. As required by the Local Rules, I am required to provide this to you and seek your comments with regard to the Ex Parte Application.

Paragraph 3 of the Declaration has space for your comments. You can either type in your own comments or provide them to me.

Thank you,

Robert B. Silverman

EXHIBIT B       ~8~

## Keith Wileman

| | |
|---|---|
| **From:** | Keith Wileman |
| **Sent:** | Wednesday, April 06, 2011 3:05 PM |
| **To:** | Robert Silverman |
| **Subject:** | 1 800 Get Thin v. Dr. Feiz - ex parte application |

**Importance:** High

Robert:

I have read and considered your *ex parte* application for priority in discovery and a 60 day continuance of the hearing on my client's pending pleading motions.  For *inter alia*, the reasons set forth below, I cannot agree to the relief you seek, and will file written opposition to your *ex parte* application.

First and foremost, the additional information you seek by this proposed discovery will have no impact on the determination of the Anti-SLAPP motion to strike the second cause of action for false advertising under *Business and Professions Code* §17500.  The simple fact of the matter is that even if Dr. Feiz did make injurious comments about 1 800 Get Thin (using an alias or not), such conduct is not false advertising.  Even if those allegedly injurious comments were posted on the same websites that Dr. Feiz advertised on, that would still not be false advertising.  False advertising is defined by §17500, and has nothing whatsoever to do with comments made about someone else's products or services.

Second, the time to perform investigation into the validity of causes of action subject to an Anti-SLAPP motion to strike is before filing them, not afterward.  That is why Code of Civil Procedure §425.16 (g), which is applicable in state court actions, provides an absolute stay on all discovery by all parties once an Anti-SLAPP motion to strike is filed by any party.  Any exception to the stay in a state court action must be for good cause shown, which, as noted above, is not the case here.

Third, the regulation of discovery by Rule 26 exists for a reason, and provides a level playing field for the parties.  What you propose is get a unilateral and unfair advantage in discovery by taking my client's deposition and third-party discovery before my client has the opportunity to do any discovery.  Filing a deficient pleading is not a good reason for gaining such an advantage.

Please advise when you intend to file your application, and advise the Court that I intend to oppose it when you do in fact file it.

Very truly yours,

Keith G. Wileman
**Veatch Carlson, LLP**
700 South Flower Street
22nd Floor
Los Angeles, California 90017
tel (213) 404-1146
fax (213) 383-6370
mobile (818) 294-9402
KWileman@veatchfirm.com