UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-767-CAS (FFMx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | 1 800 GET THIN, LLC v. FARZIN FEIZBAKHSH ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| RITA SANCHEZ | N/A | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:** **DEFENDANT FARZIN FEIZBAKHSH'S MOTION TO (1) DISMISS ENTIRE FIRST AMENDED COMPLAINT PURS. TO RULE 12(b)(6); (2) PROVIDE A MORE DEFINITE STATEMENT PURS. TO RULE 12(e); AND (3) STRIKE STATE LAW CAUSE OF ACTION FOR FALSE ADVERTISING PURSUANT TO CAL. CODE CIV. PROC. §425.16** (filed 04/04/11 & 05/03/11)

**DEFENDANT THEODORE KHALILI, M.D.'S MOTION TO DISMISS PLAINTIFF 1800 GET THIN LLC'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** (filed 05/06/11)

**DEFENDANT THEODORE KHALILI, M.D.'S SPECIAL MOTION TO STRIKE PLAINTIFF 1 800 GET THIN, LLC'S FIRST AMENDED COMPLAINT PURS. TO CALIFORNIA'S ANTI-SLAPP STATUTE** (filed 05/06/11- Dockets 25 & 28)

## I. INTRODUCTION

On January 26, 2011, plaintiff 1 800 Get Thin, LLC ("1800 Get Thin") filed its complaint in the instant action against defendants Farzin Feizbakhsh, M.D., a.k.a. Dr. Feiz ("Dr. Feiz"), Dr. Ted Khalili ("Dr. Khalili"), and Does 1-10. On February 25, 2011, plaintiff filed a first amended complaint ("FAC"). The complaint alleges claims for: (1) violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) false advertising in violation of Cal. Bus. & Prof. Code § 17500; and (3) unfair trade practices in violation of Cal. Bus. &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-767-CAS (FFMx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | 1 800 GET THIN, LLC v. FARZIN FEIZBAKHSH ET AL. | | |

Prof. Code § 17200.[1]  The claims stem from alleged false statements regarding plaintiff made by defendants.  Plaintiff is a marketing service company associated with bariatric surgery, "most notably the Lap Band® surgical procedure."  FAC at ¶ 9.  Plaintiff "markets the phone number 1 800 GET THIN," and refers callers to medical facilities for seminars.  Id. at ¶ 7.  Defendants are "licensed medical doctors in the state of California who perform bariatric surgery and are not a party to Plaintiff's marketing services."  Id. at ¶ 10.

On April 4, 2011, Dr. Feiz filed a motion for a more definite statement and to strike plaintiff's state law claim for false advertising pursuant to Cal. Code Civ. Proc. §425.16.  On May 6, 2011, Dr. Khalili filed a motion dismiss the FAC, and a motion to strike pursuant to California's Anti-SLAPP statute Cal. Code Civ. Proc. § 425.16.  On May 31, 2011, plaintiff filed oppositions to defendants' motions.  On June 6, 2011, defendants filed reply briefs in support of their motions.  On June 20, 2011, a hearing was held on the motions.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARDS

### A.   California's anti-SLAPP statute

"The Legislature enacted section 425.16 to prevent and deter lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.  Because these meritless lawsuits seek to deplete the defendant's energy and drain his or her resources, the Legislature sought to prevent SLAPPs by ending them early and without great cost to the SLAPP target."  Soukup v. Law Offices of Herbert Hafif, 39 Cal. 4th 260, 278 (2006); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1109 (9th Cir. 2003) (noting that the purpose of the anti-SLAPP statute is "to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation.").  This statute allows a court to strike any state claim arising from a defendant's exercise of constitutionally protected rights of free speech or petition for redress or grievances.  Flatley v. Mauro, 39 Cal. 4th 299, 312-13 (2006); Cal. Code. Civ. Proc. § 426.16(b)(1).  The anti-SLAPP

---

[1] On April 7, 2011, the Court signed an order dismissing plaintiff's third claim pursuant to Cal. Bus. & Prof Code § 17200, pursuant to stipulation by the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-767-CAS (FFMx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | 1 800 GET THIN, LLC v. FARZIN FEIZBAKHSH ET AL. | | |

statute is to be construed broadly.  Cal. Code Civ. Proc. § 426.16(a); Verizon Del., Inc. v. Covad Commc'ns Co., 377 F.3d 1081, 1091 (9th Cir. 2004).

Defendants sued in federal court are entitled to bring anti-SLAPP motions to strike state law claims.  Covad, 377 F.3d at 1091; Kellas v. Smith, 2006 U.S. Dist. LEXIS 96659, at *8-*9 (C.D. Cal. 2006).  The court in Rogers v. Home Shopping Network, Inc., 57 F. Supp. 2d 973 (C.D. Cal. 1999), set forth a standard to be applied for such motions that has been widely adopted by courts in this Circuit:

> If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies.  If a defendant makes a special motion to strike based on the plaintiff's alleged failure of proof, the motion must be treated in the same manner as a motion under Rule 56 except that again the attorney's fees provision of § 425.16(c) applies.

Id. at 983; see, e.g., Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001); Aeroplate Corp. v. Arch Ins. Co., 2007 U.S. Dist. LEXIS 86207, at *22-23 (E.D. Cal. 2007) (citing Condit v. Nat'l Enquirer, 248 F. Supp. 2d 945, 952-53 (E.D. Cal. 2002); Bulletin Displays, LLC v. Regency Outdoor Adver., Inc., 448 F. Supp. 2d 1172, 1180 (C.D. Cal. 2006)

**B.     Motion to dismiss**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570).  "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-767-CAS (FFMx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | 1 800 GET THIN, LLC v. FARZIN FEIZBAKHSH ET AL. | | |

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-767-CAS (FFMx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | 1 800 GET THIN, LLC v. FARZIN FEIZBAKHSH ET AL. | | |

### C.  Motion for a more definite statement

Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Furthermore, a motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

## III.  DISCUSSION

### A.  Dr. Feiz's motion

Defendant Dr. Feiz first requests that the Court grant his motion for a more definite statement, based in part on the fact that most of the allegations are made against "defendants" broadly. As plaintiff defines the term "Defendants" in its complaint to refer only to the Doe defendants, Dr. Feiz argues that it is unclear which of the allegations are directed against him. Mot. at 4. Additionally, Dr. Feiz contends that the Court plaintiff fails to plead its claims consistent with Rule 9(b), as it must because the claims arise from allegations of fraud. Id.

Dr. Feiz further argues that plaintiff's claims pursuant to the Lanham Act and pursuant to California's False Advertising law should be dismissed because they do not state a claim for which relief may be granted. Id. at 5. With respect to plaintiff's Lanham Act claim, Dr. Feiz argues that it fails because there is no plausible allegation that the acts complained of–namely "allege[d] false and defamatory blog commentary" could result in consumer confusion. Id. at 5-6.[2]

---

[2] Dr. Feiz further argues that plaintiff's allegations are "inherently contradictory" with respect to its conclusion that Dr. Feiz is a "competitor" of plaintiff's. "[Plaintiff] goes to great lengths to point out that it is just a marketing service, not a health care provider, while Dr. Feiz is a health care provider and is not alleged to be a marketing service owner or principal." Mot. at 6. In opposition, plaintiff contends that it is in direct competition with Dr. Feiz, because "[d]efendant engages in marketing services for his medical practice in the sam manner that 1 800 GET THIN engages in marketing services, and there is no contradiction in these facts." Opp. at 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-767-CAS (FFMx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | 1 800 GET THIN, LLC v. FARZIN FEIZBAKHSH ET AL. | | |

With respect to plaintiff's false advertising claim, plaintiff contends that plaintiff cannot support a claim under Cal. Bus. & Prof. Code § 17500 because that section applies only where alleged false statements are made about "one's own products," not about the products of another. Id. at 6. With respect to plaintiff's allegations regarding violations of 16 C.F.R. § 255.5, Dr. Feiz argues that this section is also inapposite, "since Dr. Feiz is not alleged to be advertising his own services on these Internet blogs." Id. at 7.

Dr. Feiz also argues that plaintiff's claim for false advertising is subject to California's Anti-SLAPP statute, set forth in Cal. Code Civ. Proc. § 425.16, and therefore it should be stricken with prejudice and Dr. Feiz should be awarded attorneys' fees in connection with his motion. Id. at 7. According to Dr. Feiz, the statute is applicable because the claim "implicate[s] Dr. Feiz's right to free speech in connection with a public issue or an issue of public interest. After all, the allegation is that the defendants 'copied a news article from the Los Angeles Times regarding an out-patient surgery center which provides bariatric surgery' to an Internet blog called 'lapbandtalk.com' which discusses health issues associated with such procedures and comments on the quality and safety of services provided and then opined: 'Don't trust them with your life!' Clearly these actions and speech concerned an 'entity in the public eye,' involved 'conduct that could directly affect a large number of people beyond the direct participants,' and involved 'a topic of widespread, public interest.'" Id. at 8.

In opposition, plaintiff argues that the claims are alleged sufficiently to put defendants on notice, and that Rule 9(b) is not applicable because there is no fraud claim. Opp. at 5. Moreover, plaintiff argues, is has set forth "Defendant's fraudulent activities . . . with the time, date, place, event, and detail of that activity." Id. at 6. With respect to its Lanham Act claim, plaintiff asserts consumer confusion is not relevant to the instant suit because the claim herein is one for trade libel or product disparagement. Id. at 8. "[W]here a defendant uses false advertising, the question is whether the public is likely to be misled, not whether the consumer is confused with defendant's products or services." Id. at 9.

Plaintiff also contends that it sufficiently pleads a claim for false advertising by alleging that "Defendants' blogs constitute deceptive advertising promoting their own services by falsely representing the 'shill' BigMaMaJoans endorses defendants' services." Id. at 18. Plaintiff further argues that anti-SLAPP does not require that the Court strike its false advertising claim, because defendant's speech is not protected,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-767-CAS (FFMx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | 1 800 GET THIN, LLC v. FARZIN FEIZBAKHSH ET AL. | | |

because it is false.  Id. at 21.  Alternatively, plaintiff argues, the claim is subject to the commercial speech exception to the anti-SLAPP statute, pursuant to section 425.17 and Simpson Strong-Tire Co. v. Gore, 49 Cal. 4th 12 (2010).

### B. Dr. Khalili's motions

#### 1. Motion to dismiss or for a more definite statement

Dr. Khalili asserts that plaintiff's allegations do not support a claim for violation of the Lanham Act under either the "false association" or "false advertising" prong.[3]  With respect to the false advertising prong, plaintiff argues that plaintiff's claims fail to allege" commercial injury based upon a misrepresentation about a product [or service], and also that the injury was 'competitive,' i.e., harmful to the plaintiff's ability to compete with the defendant," as required under Barrus v.Sylvania, 55 F. 3d 468, 470 (9th Cir. 1995). "None of the alleged statements contains any representation at all regarding any product or service offered by Plaintiff and/or Khalili."[4]  Id. at 9.  Additionally, Dr. Khalili argues, plaintiff also fails because "it is clear from the facts alleged that Plaintiff and Khalili are not competitors and that Plaintiff has not, and cannot, allege any competitive injury." Id. at 10.  Lastly, Dr. Khalili argues, the statements are not "actionable under the Lanham Act because they are not 'commercial advertising or promotion within the meaning of section 43(a)(1)(B)." Id. at 11.  According to Dr. Khalili, the statements do not meet that definition because they do not constitute commercial speech, were not made by a commercial competitor, and were not made for the purpose of inducing customers to buy Khalili's services.  Id. at 11-13.  Moreover, Dr. Khalili argues, the statements in the Los Angeles Business Journal were "made by Khalili to the press in regards to a matter of public concern and are protected speech, not commercial speech." Id. at 13.

Dr. Khalili also argues that the alleged statements cannot support plaintiff's

---

[3] In its opposition, plaintiff appears to characterize its Lanham Act claim as one for "false advertising" only.

[4] Dr. Khalili characterizes plaintiff's claims against him as "vaguely premised upon statements in three internet postings, a 'five tips' press release and an article in the Los Angeles Business Journal." Opp. at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-767-CAS (FFMx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | 1 800 GET THIN, LLC v. FARZIN FEIZBAKHSH ET AL. | | |

Lanham Act claim or plaintiff's state law claims because they constitute "mere puffery." Id. at 14. All three claims additionally fail, according to Dr. Khalili, because they are not alleged with the required degree of particularity under Rule 9(b), even though they are "undeniably grounded in fraud." Id. at 16. At the very least, Dr. Khalili contends, plaintiff should be required to supply a more definite statement of its claims on this basis. "For example, Plaintiff alleges that Khalili, using the alias of 'BigMaMaJoans,' 'made various other false and fraudulent internet postings' yet Plaintiff does not set forth any factual allegations regarding the date, time, location and/or substance of these other postings. FAC, 16. Plaintiff also asserts various conspiracy theories between Khalili and other defendants without setting for[th] any facts to support its conclusory conspiracy theories." Id. at 18.

In opposition, 1800 Get Thin argues that the FAC sufficiently alleges that defendant Dr. Khalili has made false statements about it. Plaintiff contends that Dr. Khalili made statements in the Los Angeles Business Journal that "he strongly disapproves of 1 800 GET THIN as a surgery mill," and that his press release regarding "surgery mills," therefore refers to 1 800 GET THIN, even though it does not refer to it by name. Opp. at 1. Plaintiff argues that the representation that 1800 GET THIN is an "unsafe surgery mill" is false, and therefore supports its "false advertising" Lanham Act claim. Id. at 3-4. Moreover, plaintiff argues, it sufficiently alleges that defendant's statements were commercial speech made by a competitor. "Defendant engages in marketing services for his medical practice in the same manner that 1 800 GET THIN engages in marketing services, and there is no contradiction in these facts. Defendant's accusations are incorrect because defendant's motivation to attack 1 800 GET THIN with 'shill' blogs using 'straw man' aliases who trade libel 1 800 GET THIN is based on his direct competition with 1 800 GET THIN with the specific purpose of obtaining a competitive advantage by falsely disparaging the Plaintiff." Id. at 7. Plaintiff further argues that defendant's statements do not "amount to mere puffery," because the statements (1) "1 800 GET THIN KILLS PEOPLE!"; (2) "Don't trust them with your life"; and (3) that plaintiff is an "unsafe surgery mill," are "false statement[s] of fact that 1 800 GET THIN, an advertising company, conducts unsafe surgeries and is a public danger." Id. at 13, 15. Additionally, plaintiff argues that Dr. Khalili's statements are not protected speech because "the First Amendment does not protect falsity. Defendants used 'subterfuge,' 'straw man shills,' and 'false names' to make false statements about 1 800 GET THIN, and no 'blogs commentary' protects such falsity." Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-767-CAS (FFMx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | 1 800 GET THIN, LLC v. FARZIN FEIZBAKHSH ET AL. | | |

Plaintiff additionally contends that it need not meet the standards set it rule 9(b) because they have not pleaded a fraud claim. Id. at 15. Moreover, plaintiff argues, the "falsity of which 1 800 GET THIN amount[s] to a negligent misrepresentation;" plaintiff asserts that negligent misrepresentation claims do not require the application of rule 9(b). Id. However, plaintiff argues, even if Rule 9(b) were applied, the allegations of the FAC meet those requirements because it provides the "date, place, manner, who, where, and circumstances of defendant's false advertising." Id. Therefore, plaintiffs argue that defendant's motion to dismiss and motion for a more definite statement should both be denied.

    **2.    Dr. Khalili's motion to strike**

Dr. Khalili argues that plaintiff's state law claims are subject to a special motion to strike pursuant to California's anti-SLAPP statute. First, he argues, the statements are protected under the statute because they "all arise out of statements made in public forums concerning matters of public concern" in connection with public health and welfare issues surrounding bariatric surgery. Mot. at 1. Moreover, defendant argues, plaintiff has failed to demonstrate that the commercial speech exemption as articulated at Cal. Code Civ. Proc. § 425.17(c) applies.[5] Reply at 8. Specifically, defendant contends that plaintiff fails to show that the exemption applies because it doesn't demonstrate that plaintiff and defendants are competitors, nor that the statements were made "for the purpose of obtaining approval for, promoting, or securing sales or commercial transactions in Khalili's services." Id. at 9-10.

Therefore, Dr. Khalili argues, "the burden shifts to Plaintiff to establish that it will likely prevail on its claims." Mot. at 1. As discussed in his motion to dismiss, Dr. Khalili

---

[5] This exemption to California's anti-SLAPP statute applies where: "(1) the cause of action is against a person primarily engaged in the business of selling or leasing goods or services; (2) the cause of action arises from a statement or conduct by that person consisting of representations of fact about that person's or a business competitor's business operations, goods, or services; (3) the statement or conduct was made either for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services; and (4) the intended audience for the statement or conduct meets the definition set forth in section 425.17(c)(2)." Simpson Strong-Tire, 49 Cal. 4th at 30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-767-CAS (FFMx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | 1 800 GET THIN, LLC v. FARZIN FEIZBAKHSH ET AL. | | |

contends, plaintiff cannot do so, "as its claims are not only unsustainable as a matter of law but also appear to be based largely on 'information and belief' as opposed to any actual evidence." Id.

In opposition, plaintiff argues that the alleged statements are not protected speech. "[D]efendant's fraudulent anti-competitive accusation that 1 800 GET THIN is an 'unsafe surgery mill' is not protected speech. Defendant's statements that '1 800 GET THIN Kills People!' and 'Don't Trust Them With Your Life' are not protected speech. Khalili is a competitor with 1 800 GET THIN, and his statements were made in advertisements for his own services which make them commercial speech not eligible for a Motion to Strike." Id. at 4. Additionally, plaintiff argues that the speech falls into the commercial speech exemption to the anti-SLAPP statute. Id. at 11. Moreover, plaintiff argues, even if the speech were protected, it can demonstrate a probability of success on the merits.

### C. The Court's findings

With respect to plaintiff's Lanham Act claim, the Court finds that the only alleged statement by defendants that might support such a claim is the statement "1 800 GET THIN KILLS PEOPLE!" allegedly posted by defendants to RipoffReport.com.[6] See Compl. ¶ 30. The other statements alleged by plaintiffs cannot support a Lanham Act false advertising claim.[7] The alleged statement "Don't trust them with your life," allegedly posted by defendants to lapbandtalk.com and RipoffReport.com, is not a statement of fact, but a statement of opinion, and therefore cannot support a false advertising Lanham Act claim. See MCCARTHY ON TRADEMARKS § 27:96 at 27-226 ("The Ninth Circuit agrees, stating that: 'Statements of opinion are not generally actionable under the Lanham Act.'") (citing Coastal Abstract Service, Inc. v. First American Title Ins. Co, 173 F. 3d 725 (9th Cir. 1999). The alleged statements of Dr. Khalili in the Los Angeles Business Journal article entitled "Weighing In," also cannot

---

[6] The Court finds that it is proper to take judicial notice of the publications as submitted in connection with the request for judicial notice submitted with Dr. Khalili's motion to dismiss for the purpose of determining the contents of those publications, not the truth of the matter therein.

[7] The Court can and does take judicial notice of the statements as published, offered by defendant Dr. Khalili in connection with his motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-767-CAS (FFMx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | 1 800 GET THIN, LLC v. FARZIN FEIZBAKHSH ET AL. | | |

support such a claim because they are statements of opinion. The article states that Dr. Khalili is "not pleased with the [1 800 GET THIN] ads," and that he and his colleagues "strongly dislike the in-your-face radio, Internet and billboard advertising done by 1-800-GET-THIN." Exh. E to RJN at 2. The article also states that Khalili and his colleagues "take pains to differentiate themselves and other established practices from what they call the minority of 'surgical mills' that are giving bariatric surgery a bad name," but it appears from the article that this position is related but separate from Dr. Khalil's statements which directly concern plaintiff. Finally, Dr. Khalili's "5 Tips For Avoiding Unsafe 'Surgery Mills' When Considering Lap-Bands" press release (the "5 Tips Press Release") cannot support plaintiff's claim because it makes no reference at all to plaintiff, and cannot properly be read to refer to plaintiff as plaintiff is not a surgical center. Exh. D to RJN. Therefore, the Court GRANTS defendants' motions to dismiss plaintiff's Lanham Act claims except to the extent it is based on the alleged statement "1 800 GET THIN kills people."[8] The Court further grants the motion to dismiss without prejudice for the reasons set forth in the motions for a more definite statement. Specifically, the Court agrees with Dr. Feiz that plaintiff's definition of "Defendants" appears to encompass only the Doe Defendants. To the extent plaintiff means for the term to apply to Dr. Feiz and Dr. Khalili as well, it should amend its FAC to so reflect. Additionally, the FAC is vague as to whether the Lanham Act claim is a "false association" claim under section 1125(a)(1)(A) or a "false advertising" claim under section section (a)(1)(B). While plaintiff argues in its briefing that it intends to allege only violations of the "false advertising" prong, the allegations are confusing as they appear to refer in part to attempts by defendants to falsely associate their products and services with plaintiff's protectable trademark. The Court does find, however, that the claim otherwise meets the requirements of Rule 9(b).

With respect to plaintiff's false advertising claim, the Court is required, under California's Anti-SLAPP statute to consider not only whether plaintiff has adequately pleaded its claim, but also whether the speech implicated by it is protected speech under section 425.16, and, if so, whether plaintiff has a probability of succeeding on the merits

---

[8] The Court finds that it cannot dismiss the entire Lanham Act claim on the grounds that plaintiff and defendants are not competitors because plaintiff alleges that they are, and the question appears to the Court to depend, at least in part on the business model of plaintiff. Therefore, the Court concludes that the resolution of this question may best be left to consider on a more complete record at the summary judgment stage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-767-CAS (FFMx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | 1 800 GET THIN, LLC v. FARZIN FEIZBAKHSH ET AL. | | |

on those claims.

As an initial matter, the Court concludes that defendants' alleged speech all arises out of statements made in public forums concerning matters of public concern. The statements were made to the press or on publicly accessible websites. Moreover, defendants' speech concerns issues of public health. The statements are therefore protected by the Anti-SLAPP statute. Cal. Civ. Proc. § 425.16(e).

The Court next considers the applicability of the commercial speech exemption, urged by plaintiff. As the party seeking the benefit of the exception, plaintiff bears the burden to demonstrate that it applies to the instant dispute. Simpson Strong-Tie Co., Inc., 49 Cal. 4th at 26. Plaintiff therefore must demonstrate: (1) the claim arises from statements or conduct by defendants consisting of representations of fact about defendants' or a business competitor's business operations, goods or services; (2) the statements or conduct was made either for the purpose of promoting or securing sales or leases of defendants' goods or services or in the course of delivering defendants' goods or services, and (3) the intended audience for the statement or conduct was either an actual or potential customer or someone likely to influence an actual or potential customer. Cal. Civ. Proc. § 425.17(c).

To the extent that plaintiff's false advertising claim is based on the alleged statement "Don't trust them with your life," allegedly posted by defendants to lapbandtalk.com and RipoffReport.com, and the statements made by Dr. Khalili in the Los Angeles Business Journal article entitled "Weighing In," the Court has already determined that these are statements of opinion rather than statements of fact, and therefore do not meet the first of the elements listed above. The 5 Tips Press Release also does not meet the first requirement because none of the statements make representations regarding either defendant's or plaintiff's business operations, goods or services. With respect to the remaining alleged statement, "1 800 GET THIN kills people," as allegedly posted on RipoffReport.com, the Court finds that it is not commercial speech as defined in section 425.17(c), because it was not made either for the purpose of promoting or securing sales or leases of defendants' goods or services or in the course of delivering defendants' goods or services. See Sunset Millenium Associates v. LHO Grafton Hotel, 146 Cal. App. 4th 300, 313 (2006).

Therefore, the Court finds that the commercial speech exception does not apply to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-767-CAS (FFMx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | 1 800 GET THIN, LLC v. FARZIN FEIZBAKHSH ET AL. | | |

plaintiff's state law claim, and that the claim is therefore protected by California's Anti-SLAPP statute. The Court is therefore required to consider whether the plaintiff has demonstrated a likelihood of success on the merits with respect to its false advertising claim.

Plaintiff's false advertising claim fails because the alleged misrepresentations by defendants concern plaintiff's business, not defendant's.[9] California Business & Professions Code section 17500 makes it unlawful "with intent directly or indirectly to dispose of real or personal property or to perform services . . . or to induce the public to enter into any obligation thereto, to make or disseminate . . . any statement, concerning <u>that</u> real or personal property or <u>those</u> services . . . or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof." Cal. Bus. & Prof. Code § 17500 (emphasis added). <u>See also</u> MCCARTHY ON TRADEMARKS § 27:91 ("[W]hile false advertising laws prohibit certain false claims about one's *own* goods or services, product disparagement law prohibits certain false claims about *another's* goods or services. The distinction is more than one of form.") (emphasis in original).

Moreover, to the extent that the claim is based on the statement "don't trust them with your life," and the statements made to the Los Angeles Business Journal, they are nonactionable statements under California's false advertising law, as expressions of opinion, not fact. <u>Bernardo v. Planned Parenthood Fed. Of America</u>, 115 Cal. App. 4th 322, 348 (2004) ("The high court [in <u>Kasky v. Nike</u>, 27 Cal 4th 939 (2002)] stressed that the UCL and FAL 'do not suppress points of view but instead suppress false and misleading statements of fact.")

Therefore, the Court concludes that plaintiff's false advertising claim should be stricken with prejudice pursuant to California's anti-SLAPP statute. Defendants are entitled to recover attorneys' fees

### IV. CONCLUSION

The Court GRANTS defendants' special motions to strike pursuant to California's

---

[9] In the case of the 5 Tips Press Release, the Court finds that the statement does not make any representations about either defendants' or plaintiff's business.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-767-CAS (FFMx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | 1 800 GET THIN, LLC v. FARZIN FEIZBAKHSH ET AL. | | |

anti-SLAPP statute with respect to plaintiff's false advertising claim. With respect to plaintiff's first claim pursuant to the Lanham Act, the Court GRANTS defendants' motion to dismiss with leave to amend. Plaintiff shall file an amended complaint within **thirty (30)** days of the issuance of this order. Plaintiff is admonished that failure to do so may result in the dismissal of this claim with prejudice. Defendants' motions for a more definite statement are DENIED as moot.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | RS | | |