**SILVERMAN & ASSOCIATES**
**ROBERT B. SILVERMAN SBN 170517**
**25 S. OAK KNOLL AVE., SUITE 504**
**PASADENA, CA 91101**
**TEL: (714) 936-7499**
**FAX: (888) 308-5099**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| 1 800 GET THIN, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> Farzin Feizbakhsh, MD aka Dr. Feiz; Does 1-10, inclusive; <br><br><br> Defendants | Case Number: 11-cv-767-CAS (FFMx) <br><br> Second Amended Complaint for Monetary Damages <br><br> (1) Infringement of Registered Trademark (15 U.S.C. § 1117) <br> (2) Trade Libel and Unfair Competiton (15 U.S.C. § 1125 (a)) <br> (3) Service Mark Dilution (15 U.S.C. § 1125(c)) <br> (4) Unfair Trade Practices (Cal. Bus. & Prof. Code § 17200) <br><br> DEMAND FOR JURY TRIAL |

**PLEASE TAKE NOTICE THAT** Plaintiff 1 800 GET THIN, LLC hereby asserts and alleges a cause of action against defendants as follows:

### JURISDICTION and VENUE

1. This action arises under 15 U.S.C. §§ 1117, 1125 (a), (c) for federal trademark infringement, federal trade libel, federal unfair competition, and federal trademark dilution.

2. Therefore this honorable court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This court also has supplemental jurisdiction over all other claims that do not arise under a federal statute in that

these supplemental claims are so related to the claims in the action within such original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district and Defendants maintain their primary place of business or residence within this judicial district.

## PARTIES

4.     Plaintiff 1 800 GET THIN, LLC ("GET THIN" or "Plaintiff") is a California Limited Liability Corporation with its principal place of business in Beverly Hills, California.

5.     Defendant Farzin Feizbakhsh, M.D., aka Dr. Feiz ("Defendant" or "Dr. Feiz") is an individual whose residence is located in Los Angeles County, California.

6.     Defendant John Does ("Defendants") are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that each of Plaintiff's damages as herein allege were proximately caused by such Defendants.

7.     At all times herein mentioned, all defendants were the agents, servants, employees and/or contractors of their co-defendants and were acting within the scope of their authority as agents, servants, employees and/or contractors and with the permission and consent of said named defendants.

## GENERAL ALLEGATIONS

8. Plaintiff is a marketing service company. Plaintiff operates publicly as 1 800 GET THIN. Plaintiff does not provide any type of medical care or treatment in the course of its business and is purely a marketing service company.

9. Plaintiff is owner of the Service Mark, "1-800-GET-THIN", which is a federally registered trademark, (the "Service Mark") bearing Registration Number 3,976,734, issued by the United States Patent and Trademark Office ("USPTO") on June 14, 2011. See true and correct copy of Service Mark registration issued by USPTO, attached hereto and incorporated herein as Exhibit "1".

10. Plaintiff has engaged in advertising throughout Los Angeles County and greater Southern California, where it places its Service Mark, 1 800 GET THIN, in the public eye. 1 800 GET THIN is associated with bariatric surgery, most notably the Lap Band® surgical procedure.

11. As a marketing service company, Plaintiff uses the Service Mark to market weight loss services.

12. Since GET THIN's founding in March 2010, its Service Mark has been extensively marketed and advertised throughout California, so that the Service Mark is placed prominently in the public eye. GET THIN uses billboards, radio, magazines, television, pamphlets, flyers, seminars, and the Internet for placement of advertising which prominently features the Service Mark.

13. As a result of these promotional, advertising and marketing efforts, the public has come to associate the Service Mark with quality outpatient weight loss surgical procedures and related services. The Service Mark has become distinctive and famous with the consuming public as a result of GET THIN's advertising and promotional efforts and the reputation for quality associated with the weight loss services marketed by Plaintiff GET THIN.

14. Defendant is a licensed medical doctor in the State of California who performs bariatric surgery and is not part of Plaintiff's marketing services. As

such, Defendant is a competitor of Plaintiff'. Through the operation of Plaintiff's marketing, potential bariatric surgery candidates are identified and then serviced by medical professionals not associated with the Defendant.

15. Plaintiff GET THIN is also informed and believes and thereon alleges that there are unnamed Doe defendants who were or are acting as the agents, servants representatives, employees, or co-principals with the permission, knowledge, consent, and ratification of the above named Defendants. As soon as GET THIN is able to ascertain the identify and role of these Doe defendants, said Doe defendants shall be identified and served with the necessary documents to make them parties to this action.

16. Plaintiff is informed and believes that Defendant through the publication of false and defamatory statements, via the Internet, as stated more fully herein, has attacked against Plaintiff's trademark and/or misused Plaintiff's trademark.

17. The first attack was centered around disparaging and misleading comments against Plaintiff on websites associated with bariatric surgery. Plaintiff is informed and believes Defendant published or has caused to be published comments relating to Plaintiff's business on the websites identified as LapBandTalk.com and RipoffReport.com. It is possible that Defendant has made similar comments on other websites, but Plaintiff is unaware of such conduct at this time.

18. Those websites to which Defendant Dr. Feiz published his comments are available to any individual within the County of Los Angeles and they include worldwide accessibility. As a result, at a minimum, Plaintiff has been damaged and continues to be damaged at Plaintiff's business offices in Los Angeles County.

### Commentator "BigMaMaJoans"

19. Plaintiff herein alleges that on a public website, Defendant Dr. Feiz created an alias BigMaMaJoans. On the website, BigMaMaJoans states that she is

a patient who was treated at Cedars Sinai Hospital and received the Lap-Band surgical procedure.  Plaintiff herein alleges that this Internet profile is false and fraudulent and part of the fraudulent scheme.  Plaintiff herein alleges that by creating a false profile, Defendant attempts to provide credibility to the subsequent posts.

20.   Plaintiff herein alleges that after creating the false profile of a Lap-Band patient, Defendant Dr. Feiz then posted additional false and fraudulent information on various other Lap-Band specific websites.  Plaintiff herein alleges that Defendant through the alias of BigMaMaJoans has made various other false and fraudulent internet postings.

21.   Plaintiff alleges that by stating don't trust them with your life together with 1 800 GET THIN, BigMaMaJoans sought to equate Plaintiff with a medical facility and/or a doctor that provided medical care and treatment, even though Plaintiff neither owns, operates, or controls any medical facility or medical doctor.  Plaintiff alleges that BigMaMaJoans' statement were false and misleading with regard to Plaintiff's business operations and damaging to Plaintiff's trademark because the innuendo and inducement of the statement is that it refers to 1 800 GET THIN and that 1 800 GET THIN is dangerous, hurts people, and cannot be trusted, all of which is trade libel.

22.   On or about March 4, 2010, commentator BigMaMaJoans posted a report on RipoffReport.com.  Comments made on RipoffReport.com were similar to comments posted on lapbandtalk.com.  In fact, BigMaMaJoans on RipoffReport.com copied the same Los Angeles Times article posted on lapbandtalk.com and sought to equate Plaintiff with the out-patient surgery center and/or medical doctors providing medical care and treatment.  For that reason, Plaintiff is informed and believes that the BigMaMaJoans on RipoffReport.com and lapbandtalk.com are the same person, to wit, the Defendant.

23. As with the statement on lapbandtalk.com, the statement on RipoffReport.com was false and misleading with regard to Plaintiff's business operations and damaging to Plaintiff's trademark. The statement "don't trust 1 800 GET THIN with your life" was intended to refer to Plaintiff, had the inducement, innuendo, and colloquium that 1 800 GET THIN was a fraud, could not be trusted, and was dangerous. These statements were trade libel and understood to be injurious falsehoods by the average reader.

24. Recently, on January 23, 2011, another post on RipoffReport.com was made by BigMaMaJoans. That post repeated the phrase "THE LAP BAND WORKS 1800 GET THIN KILLS PEOPLE!" The post then copied a recent Los Angeles Times article by the same columnist as in the previous BigMaMaJoans posts. As the same modus operandi was followed as in the prior BigMaMaJoans posts, Plaintiff believes this is the same individual who posted this and all prior comments, specifically, the Defendant.

25. Plaintiff is thus informed and believes that Defendant has established a pattern and practice of making disparaging and misleading comments against Plaintiff which has damaged Plaintiff's trademark.

### Advertising Association

26. Plaintiff herein alleges that in addition to directly attacking Plaintiff's trademark through the posting of false and fraudulent internet comments, Defendant has also sought to improperly associate himself with Plaintiff's trademark.

27. Plaintiff is informed and believes that Defendant has sought to associate himself with Plaintiff's trademark, 1 800 GET THIN, with regard to internet advertising.

28. Specifically, Plaintiff is informed and believes that with regard to Google Ads, Defendant has linked his website with Plaintiff's trademark. By doing this, any person searching for Plaintiff's trademark, 1 800 GET THIN, on

Google will see Defendant's name in the Google Ads space on the displayed web page. This result occurs as Defendant has linked his name to Plaintiff's trademark. Therefore, Plaintiff alleges that Defendant did this act, so that when any individual searches for 1 800 GET THIN, they will find a negative article, mainly information falsely posted by the Defendant such that the individual user will then also simultaneously be exposed to a Google Ad for a competitor, namely the Defendant.

29. Defendant Dr. Feiz, through his alias identities has tarnished Plaintiff's famous Service Mark and associated it with something negative and unsavory, thus diluting the goodwill and fame that Plaintiff has developed in the service mark. Defendant has utilized the technique of "keying" to obtain the economic benefit of Plaintiff's Service Mark and to promote his own prodiuct by keying and linking his website to plaintiff's Service Mark.

30. Plaintiff is informed and believes that by these actions Defendant is improperly and impermissibly associating with Plaintiff's trademark.

## FIRST CLAIM FOR RELIEF

**(For Damages, Attorneys' Fees, Litigation Costs and Other Relief for Infringement of Registered SERVICE MARK: Lanham Act, 15 U.S.C. § 1117—Against Defendant Feiz and Doe Defendants**

31. Plaintiff hereby incorporates Paragraphs 1 through 30, inclusive, herein by reference, as though set forth in full.

32. Plaintiff has been intensely marketing its services to the public for the past 18 months by prominently using its registered service mark in various media all over California, including on the Internet.

33. Defendant Dr. Feiz, have used and are using Plaintiff's Service Mark, "1-800-GET-THIN", in interstate commerce, without Plaintiff's consent, in connection with the sale, offering for sale, distribution, or advertising of goods and services which are being offered by a competitor of Plaintiff's. Such use by

Defendant Dr. Feiz is both misleading and false, and a misleading description or representation of fact.

34. Defendant Feiz has engaged in the aforesaid unlawful acts with full knowledge of Plaintiff GET THIN's superior rights in the 1-800-GET-THIN Service Mark and with the deliberate and express purpose of trading off of the good will and reputation that Plaintiff GET THIN has developed in its Service Mark.

35. Defendant Feiz in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff GET THIN. Defendant Dr. Feiz and his alias identities are therefore guilty of malice and oppression in conscious disregard of Plaintiff GET THIN's rights, there warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendant Dr. Feiz and deter others from engaging in similar misconduct.

## SECOND CLAIM FOR RELIEF

## Violation of the Lanham Act, 15 U.S.C. § 1125

## (trade libel and unfair competition)

## (Against Defendant Feiz)

36. Plaintiff GET THIN repeats, re-alleges, and incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 35 above.

37. On or about March 4, 2010, commentator BigMaMaJoans posted to another website, RipoffReport.com, on which site BigMaMaJoans made similar comments to the posts on lapbandtalk.com. BigMaMaJoans copied the same Los Angeles Times article it had posted on lapbandtalk.com and sought to equate Plaintiff with the performance of medical services.

38. On or about January 23, 2010, commentator BigMaMaJoans posted to RipoffReport stating "THE LAP BAND WORKS 1800 GET THIN KILLS

PEOPLE!" followed by the posting of another Los Angeles Times article.  The publication constituted a false, trade libelous, and injurious falsehoods against 1 800 GET THIN which was designed to harm its Service Mark and to engage in unfair competition regarding the Service Mark.

39. On information and belief, Plaintiff alleges that BigMaMaJoans is actually Defendant, who is making comments under an assumed name so as not to reveal his true identity.

40. As identified, the Defendant in posting the statements specifically identified 1 800 GET THIN.  The false and fraudulent comments Defendant made were of and concerning Plaintiff and would be understood as such by any other individual who read the publication.

41. By those comments, Defendant, made a false or misleading description of fact, or alternatively made a false or misleading representation of act, which misrepresents the nature, characteristics, or qualities of another's services, which conduct constitutes trade libel.

42. Defendant is a competitor to Plaintiff in that both Defendant and Plaintiff are persons or entities endeavoring to do the same general activity of marketing bariatric services.  Defendant and Plaintiff are parties vying for the same dollars from the same group of consumers.

43. Specifically, Defendant has sought to equate Plaintiff's business with an outpatient surgery center even though Plaintiff does not own or operate any medical facilities or hire any doctors.  As stated above, Plaintiff is merely a marketing service.  Furthermore, Defendant has sought to tarnish Plaintiff's registered service mark by saying that consumers who use Plaintiff's services will ultimately be killed.  This false and gross misrepresentation of Plaintiff's services by Defendant in the marketplace constitutes trade libel and unfair competition under the 15 U.S.C. § 1125(a)(1).

44. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

45. Plaintiff is informed and believes that Defendant, by his actions, has caused members of the public to believe Plaintiff does operate medical facilities, is engaged in conducting medical services, and provides medical services in such a fashion that will result in the likely death of any consumer/patient who engages Plaintiff to provide such services.

46. As a result of Defendant's actions, Plaintiff has, and continues, to suffer injury including loss of sales and profits.

47. Defendant Feiz has engaged in the aforesaid unlawful acts with full knowledge of Plaintiff GET THIN's superior rights in the 1-800-GET-THIN Service Mark and with the deliberate and express purpose of trading off of the good will and reputation that Plaintiff GET THIN has developed in its Service Mark.

48. Defendant Feiz in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff GET THIN.  Defendant Dr. Feiz and his alias identities are therefore guilty of malice and oppression in conscious disregard of Plaintiff GET THIN's rights, there warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendant Dr. Feiz and deter others from engaging in similar misconduct.

///
///
///

## THIRD CLAIM FOR RELIEF

### (For Damages, attorneys' Fees, Litigation Costs and Other Relief for Service Mark Dilution Violation of 15 U.S.C. § 1125(c) Against Defendant Dr. Feiz and all Doe Defendants

49. Plaintiff GET THIN repeats, re-alleges, and incorporates by reference as if fully set forth herein the allegations set forth in Paragraphs 1 through 48 as though fully set forth herein.

50. GET THIN's Service Mark, 1-800-GET-THIN, is distinctive and famous, as evidenced by the following facts previously described hereinabove:

   a. The inherent and acquired distinctiveness of the Service Mark;

   b. Plaintiff's extensive of the Service Mark with its services;

   c. Plaintiff's lengthy and extensive advertising and publicity of the Service Mark.

   d. The extent and trading area in which the Service Mark is used throughout California, from Fresno to San Diego;

   e. The numerous and far-reaching reaching channels of trade for the services for which the Service Mark is used;

   f. The absence of uses of the same or similar marks by third parties on for similar services.

51. Defendant Dr. Feiz's conduct set forth above has caused and continues to cause dilution of Plaintiff's Service Mark by tarnishing the good will and public perception of this famous Service Mark with the consuming public.

52. Defendant Feiz has engaged in the aforesaid unlawful acts with full knowledge of Plaintiff GET THIN's superior rights in the 1-800-GET-THIN Service Mark and with the deliberate and express purpose of trading off of the good will and reputation that Plaintiff GET THIN has developed in its Service Mark.

53. Defendant Feiz in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff GET THIN.  Defendant Dr. Feiz and his alias identities are therefore guilty of malice and oppression in conscious disregard of Plaintiff GET THIN's rights, there warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendant Dr. Feiz and deter others from engaging in similar misconduct.

## FOURTH  CLAIM FOR RELIEF
## Unfair Business Practices in Violation of California
## Business & Professions Code § 17200
## (Against Defendant Feiz)

54. Plaintiff hereby incorporates Paragraphs 1 through 37, inclusive, herein by reference, as though set forth in full.  Jurisdiction for this Cause of Action is based upon supplemental jurisdiction.

55. Plaintiff on information and belief alleges Defendant made disparaging comments against Plaintiff under the assumed name of BigMaMaJoans.

56. As alleged above, Plaintiff alleges that these actions constitute a violation of the Lanham Act.

57. Plaintiff is also informed and believes that Defendant has violated FTC regulations and engaged in false advertising.

58. Defendant's statutory and regulatory violations constitute an unfair business practice under California Business & Professions Code § 17200 et. seq.

59. Plaintiff has been injured by Defendant's unfair business practices and Defendant's acts are the actual and proximate cause of Plaintiff's injuries.

60. Defendant Feiz has engaged in the aforesaid unlawful acts with full knowledge of Plaintiff GET THIN's superior rights in the 1-800-GET-THIN Service Mark and with the deliberate and express purpose of trading off of the

good will and reputation that Plaintiff GET THIN has developed in its Service Mark.

61.	Defendant Feiz in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff GET THIN. Defendant Dr. Feiz and his alias identities are therefore guilty of malice and oppression in conscious disregard of Plaintiff GET THIN's rights, there warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendant Dr. Feiz and deter others from engaging in similar misconduct.

## Prayer for Relief

Wherefore Plaintiff prays for judgment as follows:

1.	Defendant be enjoined from making false and misleading statements against Plaintiff;

2.	Defendant be enjoined from engaging in false and misleading commercial advertising;

3.	Defendant be ordered to reimburse Plaintiff for any damages suffered in an amount to be proven at trial;

4.	Defendant be ordered to make restitution of all monies due Plaintiff and disgorgement of profits from Defendants' unlawful business practices;

5.	Defendant be ordered to reimburse Plaintiff for reasonable attorney fees and the cost of suit herein pursuant to 15 USC §§ 1117, 1125;

6.	and, For such other and further relief as the Court may determine is just and proper.

Dated this 15th day of September 2011

                                        **SILVERMAN & ASSOCIATES**

                                        _____/s/_____
                                        Robert B. Silverman
                                        Attorneys for Plaintiff

### **CERTIFICATE OF ELECTRONIC SERVICE**

     I hereby certify that a copy of the foregoing was served on all counsel of record herein via the Court's electronic notification system on this 15th day of September, 2011.

                                   /s/ Robert B. Silverman